USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:   8  6  15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

JOSE RODRIGUEZ,                              :       **REPORT AND**
                                                     **RECOMMENDATION**
                         Plaintiff,          :       **TO THE HONORABLE**
                                                     **RICHARD J. SULLIVAN**
        -against-                            :
                                                     14cv6279-RJS-FM
DEPT. OF CITY COURT, et al.,                 :

                         Defendants.         :

-----------------------------------------------------------x

**FRANK MAAS**, United States Magistrate Judge.

        In this civil rights action, pro se plaintiff Jose Rodriguez ("Rodriguez")
alleges that two unidentified court officers assaulted him while he was in custody in a bull
pen in Supreme Court, Bronx County. (ECF No. 1 ("Complaint" or "Compl.") at 3).

        On September 16, 2014, Your Honor ordered, pursuant to Valentin v.
Dinkins, 121 F.3d 72 (2d Cir. 1997), that the Attorney General of the State of New York
"ascertain the identities of the court officers whom Plaintiff seeks to sue here and the
addresses where those defendants may be served." (ECF No. 6 at 3). Thereafter,
however, by letter dated November 26, 2014, Rodriguez indicated that the court officers
who assaulted him were actually New York City correction officers, not New York State
court officers. For that reason, on December 3, 2014, I directed Corporation Counsel of
the City of New York to ascertain by January 16, 2015, the identities of the court officers
Rodriguez sought to sue. (ECF No. 8).

        On January 5, 2015, Corporation Counsel requested, and I granted, an
extension of time through March 8, 2015, to respond. (ECF Nos. 10, 11). On March 9,
2015, Corporation Counsel requested a further extension of time through April 24, 2015,
citing the need for further identifying information in light of the vague descriptions
proffered by Rodriguez. (ECF No. 13 at 2). On March 10, 2015, I granted that extension
and directed Rodriguez "to provide as much [identifying information] as he can to [the
Assistant Corporation Counsel], in writing, within two weeks of his receipt of this
directive." (ECF No. 14 at 2). Rodriguez failed to comply. (See ECF No. 15 at 2).

        As a result, I scheduled a telephone conference for May 22, 2015. (ECF No.
16 at 1). I further instructed Rodriguez to provide updated contact information if he was
not going to be in custody by the time of the telephone conference. (Id.). Finally, I

warned Rodriguez that the failure to provide updated contact information in order to enable him to participate in the scheduled conference might result in the dismissal of his case for want of prosecution. (Id.). The order was mailed to the Anna M. Kross Center at Rikers Island, the most recent address on file for Rodriguez.

Although it appears that Rodriguez was released from custody on or about March 8, 2015, he has failed to provide the Court or defense counsel with any updated contact information. (See ECF No. 17). I therefore cancelled the scheduled telephone conference since there was no way to reach him. (ECF No. 18). Since then, Rodriguez has not had any communication with the Court.

Pursuant to Federal Rule of Civil Procedure 41(b), a defendant may move for dismissal of an action if the plaintiff fails to prosecute the action. The Court also may dismiss an action sua sponte for want of prosecution. LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001). Despite my warning that the failure to provide updated contact information prior to the scheduled telephone conference could result in the dismissal of this action for want of prosecution, Rodriguez has provided neither updated contact information nor any identifying information for the court officers in question. Indeed, the Court has not heard anything from Rodriguez since November 26, 2014.

In light of Rodriguez's apparent abandonment of this action, I recommend it be dismissed for want of prosecution. Out of an excess of caution, I am sending a copy of this Report and Recommendation to Rodriguez's last known address at Rikers Island.

Notice of Procedure for Filing Objections to this Report and Recommendation

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a) and (e). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of Honorable Richard J. Sullivan and to my chambers, at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b). Any requests for an extension of time for filing objections must be directed to Judge Sullivan. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b).

SO ORDERED.

Dated:      New York, New York
            August 6, 2015

FRANK MAAS
United States Magistrate Judge

Copies to:

Jose Rodriguez (via U.S. Mail)
241-14-04161
A.M.K.C.
18-18 Hazen St.
East Elmhurst, NY 11370

Defense counsel (via ECF)