UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE RODRIGUEZ,

                Plaintiff,

-v-

DEPT. OF CITY COURT, *et al.*,

                Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09.03.15

No. 14-cv-6279 (RJS) (FM)
ORDER

RICHARD J. SULLIVAN, District Judge:

    On August 1, 2014, Plaintiff, proceeding pro se, commenced this action pursuant to 42 U.S.C. § 1983 against the New York Supreme Court, Bronx County, the Anna M. Kross Center on Rikers Island, and two unnamed court officers. (Doc. No. 1.) Plaintiff alleges that on May 7, 2014, while he was held in a holding cell in the New York Supreme Court, Bronx County, two unidentified New York State court officers beat him and sexually assaulted him. (*Id.* at 3.) On September 16, 2015, the Court dismissed the New York Supreme Court, Bronx County and the Anna M. Kross Center on Rikers Island as defendants (Doc. No. 6) and referred this matter to the Honorable Frank Maas, Magistrate Judge, for a Report and Recommendation (Doc. No. 7).

    On August 6, 2015, Judge Maas issued a Report and Recommendation (the "Report" or "Rep."), recommending that this action be dismissed for Plaintiff's failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Doc. No. 19.) Pursuant to Rule 72, and as stated in Judge Maas's Report, the parties had fourteen (14) days after being served with a copy of the Report to file written objections. Failure to file timely objections typically constitutes a waiver of those objections both in this Court and on later appeal to the United States Court of Appeals. To date, Plaintiff has not filed any objections or otherwise responded to the Report.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). If a party properly objects to a finding in the Report, the Court reviews the finding de novo. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). Properly raised objections must be "clearly aimed at particular findings" in the Report. *Harden v. LaClaire*, No. 07-cv-4592 (LTS), 2008 WL 4735231, at *1 (S.D.N.Y. Oct. 27, 2008). Therefore, objections may not be "conclusory or general" and may not simply rehash or reiterate the original briefs to the magistrate judge. *Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009).

Absent proper objections, the Court accepts all parts of the Report that are not clearly erroneous. *See Berbick v. Precinct 42*, 977 F. Supp. 2d 268, 273 (S.D.N.Y. 2013). Thus, the Court reviews a party's *improper* objections, including those that seek a "second bite at the apple" by "attempt[ing] to relitigate the entire content" of the arguments made before the magistrate judge, only for clear error. *Thomas*, 674 F. Supp. 2d at 511. In clear error review, the Court should reverse a finding only if it is "left with the definite and firm conviction that a mistake has been committed," and not merely if it "would have decided the case differently." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (internal quotation marks omitted).

Judge Maas concluded that the present action should be dismissed for failure to prosecute under Rule 41(b) because Plaintiff has not communicated with the Court since November 26, 2014, has been released from custody since March 8, 2015 yet has not provided updated contact information, and failed to respond to the Court's order directing him to provide additional information about the two unnamed court officers so that they could be identified. (Rep. at 1-2.) Notably, on April 24, 2015, Judge Maas warned Plaintiff that failure to provide updated contact

information might result in the case being dismissed for failure to prosecute. (Doc. No. 16.) Plaintiff did not comply with the April 24, 2015 Order.

The Court finds no clear error in Judge Maas's well-reasoned recommendation that the case be dismissed for failure to prosecute under Rule 41(b), and would reach the same conclusion even under de novo review. Accordingly, the Court adopts the Report in its entirety and dismisses this action pursuant to Rule 41(b) with prejudice. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated:     September 3, 2015
           New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE